Your Honor, this is the first case of the morning call, 213-0350. The people of the state of Illinois v. Mark Zimmerman. On behalf of Mr. Zimmerman, Ms. Vicki P. Corse. On behalf of the people, Ms. Diane L. Campbell. Your Honor, this is a brief point of procedure before we start our argument. On Friday, I led a motion to cite additional authority. I faxed that into the court and my opposing counsel gave her a phone call. We are both prepared to argue on the basis of that case. Ms. Corse, can you, if you're honored to be able to allow that? Sure. You may proceed when you're ready. Thank you. Good morning, Your Honors. Vicki Corse from the Appellate Defender's Office on behalf of Mark Zimmerman, the petitioner appellate in this case. May it please the court and counsel. First, I thank the court for rescheduling the date of this argument and I thank opposing counsel for her understanding. We're here today because the trial court below short-circuited the section 214-01 proceedings when it prematurely dismissed Mr. Zimmerman's petition, sua sponte, where the record does not show that the service was ever effectuated and there was no affirmative showing that proper service was waived by the state. The case was on the call for approximately 11 months, correct? That's correct. And six appearances by the state in the courtroom where the court indicated on the record that the state was present and in several instances named the prosecutor who was present, correct? That's correct. However, at no time did the trial court question the state's attorney who was present on that date to determine whether or not service had actually been made on the state, nor did the trial court ever attempt to ascertain whether or not the state would be waiving its objection to the improper service. Well, let me ask you this. How long should these cases stay on a trial court's call awaiting service? They shouldn't stay any longer than once the trial court gets a petition and sees on its face that it wasn't, in this case, there was an application to sue a poor person. And on it, Mr. Zimmerman made an explicit note that I was told that I should serve this in a certain way, but I don't have the means or the funds to do so, so please allow me to go ahead. At that point, that should signal to the trial court that we have a service problem, and then either question the state during the court call. Yeah, the state says we're not going to accept service, period, done. Aren't we at a stalemate? No, because then I believe there's a rule within a certain reasonable time that the trial court can then decide to either dismiss it for improper service or... On its own motion? Yes, but that has to be outside the 30 days, though, once we look at the 30 days accounts for when service was made. There is no service. Right, exactly. Assuming there is, that's my point. Right. At what point can a trial judge say enough is enough? Right. The defendant has had a year or a year and a half to serve this, we're done. And I think, I'm not sure if it's the rules of, I think it's the, I'm sorry, if I could take one quick look to see. Sure. I think Prado addresses it that the court can dismiss it for one prosecution after a reasonable period of time. Right. Though that reasonable period of time is not defined, but...  What Prado, Prado was just about a month, or just less than a month, because it wasn't clear when the filing was placed in the mail, and it was file stamped June 10th, and the trial court dismissed it July 7th, less than 30 days had passed. So this case is 11 months. Six appearances on the record, and the court pointing out, what about the notion also that the state cited Coon, and Coon cites Inmate M.W., what's your response to that language, that a party may object to personal jurisdiction or improper service of process only on behalf of himself or herself? Should the defendant be allowed to object on appeal to delay these proceedings further, objecting on the basis that their service hasn't been accomplished on the state? Again, what we're objecting to in this case is the trial court's procedure and how it went about dismissing sua sponte, this petition. And I think Coon is actually an outlier of the cases, especially cases from this district, like People v. Maiden and People v. Prado, where you have defendants successfully challenging the trial court's sua sponte dismissal of a petition when it was not right for adjudication, and that's what we're arguing here. And I understand that, you know, how do we define a reasonable period as another basis for the trial court to just get rid of it? But in this case, you know, we have these procedures here for a reason. It's to assist in the orderly administration of justice. And in this case, when you have the trial court seize a petition that hasn't been properly served, I think it's incumbent on the trial court then to ascertain from the state whether or not it's going to be objecting or not. And the state says, yes, we are not accepting service. What's the next step? Then I think just to be on the safe side, the court, I'm sorry, if the state says we do object to that. We're not accepting service. We have not been served. We are standing here mute just like any other civil litigant. I think the court gave the defendant an opportunity just to serve the state properly. No. As far as the defendant, no, he wasn't sure what was going on with the petition. In this particular case, was the court even aware that the state wasn't served properly? No, there was no indication on the record whatsoever. There was actually not a single utterance from the state at any of those six proceedings. Well, it's more the defense or the court with respect to service. No, there was no mention of whether or not of service at all. Well, the court was clearly under the impression that the state had been served because in his order, the trial court says 30 days having passed and the state has failed to answer or otherwise plead. So the court was clearly under the impression that the state had actual service. They had been served. I don't know what we can interpret from the court statement. It was on the call for 11 months and six times the court said the state's present by so-and-so. This is a 214-01 petition. He announces what's – wouldn't we have to assume that prosecutors in that courtroom are just ignorant? Well, that's just it. I think a first district appellate case of People v. Carter, they talk about the assumptions that you would have to make as a reviewing court. You'd have to assume that, right, the silence was a waiver of the – I am not certain. I would have to look back to that track. I don't think it would be 11 months with six appearances. Right, but at the same time, again, I understand, Your Honors, that you have the state's attorney as being reflected in the record as being present, but we don't know what is going on in the trial court. We don't know if the state's attorney is attending to other matters or what's going on. Again, I think Prado explicitly says that the best course is to have the state make a record and affirmatively state whether they're waiving service or they're objecting. Which brings me back to the question. State says we're not going to accept service. What's the next step? And how long should a trial court allow this to go on? Unfortunately, I don't have – again, I think what we have here under Prado and Maiden, this court has already instructed what's supposed to happen. And I think it was actually the language in Carter, which, again, I recognize that the state's PLA was allowed in that case very recently. But there's, I think, a very telling quote that it's not the function of the reviewing courts to assume what the state effectively intended based on the record. Prosecutors have a job to do, and that job includes standing before the trial court and clearly and articulating, stating the state's position regarding the matter. So with your hypothetical, I don't know what it is. But in this case, we know there was no statement such as that. So we have to base it on what we have in the record right now, which is complete silence from the state. And again, Maiden, this court has already instructed that silence by forfeiture is not how we resolve this issue. We need an affirmative showing on the record whether the state decided, intended to waive objection or go from there. What about the recent amendments to Rule 12 and to Rule 373, allowing service by regular mail for post-conviction petitions and notices of appeal, post-trial motions, et cetera? Why shouldn't that apply to 214.01 petitions? I think what is happening there is that the court is recognizing the difficult positions that prisoners are having in finding the means to file these. And that's the same problem this petitioner has. Right. He doesn't have funds. Right. So he uses regular mail. Why shouldn't that rule apply with equal force to 214.01 petitions? I think until the legislature— Well, this is a Supreme Court rule. Oh, I'm sorry. Right, until the Supreme Court for sure definitively states whether or not it applies. Maybe they'll say that in Carter. That's very true, right. You can hold this case in abeyance until then for sure. And what about the common law authority of courts to control their own docket? And every rule doesn't have to be written in stone. Trial courts have a general authority, common law authority to control their own docket. Why couldn't the court have just said, you know, you haven't perfected service on the state. I'm dismissing this case. It's been 11 months. Because I think there's procedure here that's reflected in both Prado and Maiden that says when the trial court is faced with this petition, you have to look at the date of service. And if there is no proper service, then you have to ascertain from the state whether or not they're going to be waiving that objection to proper service or not. So I feel like there's already a set of rules here, and we don't need to jump to more, to the common law ones. Isn't that the final piece of the circle that you keep avoiding when I ask you is they keep saying, no, we're not going to do it. Case has been up five times, six times, seven times, no service. If that were a civil case, you'd dismiss that petition. I'm sorry, who says no, we're not going to do it? The state is saying we're not accepting service. We have not been served. I'm standing here as a courtesy, but I have not been served. I am not waiving. At what point can the trial court dismiss that petition for failure to obtain service? Again, I think the procedures say within a reasonable time, but, again, that's not the situation we have here. Right, right. Again, there was nothing, no, there are four different or three different assistant state's attorneys who appeared on the record in this case. None of them ever said anything on the record as far as what service was or wasn't, whether or not they would be waiving improper service or not. Okay, but the court can look at the court file any time and find there is no service in the file. Look at the date the petition was filed and find that it was 11 months ago. Why can't the trial court just dismiss it based on that? Again, I just don't believe there's any. Were those the facts in this case? No, those aren't the facts in this case. Right, right. And I don't know how to answer that other hypothetical. If that hypothetical situation was at play here, I apologize. I would have had a better response prepared. But at this point, we know that the judge would reflect where he was in his consideration on the petition. But at no time did it ever make any statement about service. At no time did it try to find out from the state whether or not. The problem in Maiden and in Prado was the time frame. The court, it wasn't just an issue of whether or not there had been service shown on the record. But in Maiden, according to Prado, the court said, this court said, in any event, an immediate sua sponte dismissal, even without prejudice, is premature. This is anything but immediate. This was 11 months. Shouldn't the time be factored in to our determination as to whether or not the state knew about this? Again, under Maiden, I believe with this court, how it interpreted the rules of civil procedure was that you can't just allow time to be, interpret the passing of time as the state's waiver of service. You need an explicit statement from the state to say, you know, we were improperly served. And no matter, we're waiving our objection to that. Go ahead, judge. Take a look at the petition and do, and consider the merits. So I think, again, in Mado and Prado, those, both cases from this district, I think are dispositive of the issue in this case. Again, both, in both cases, what we had was the trial court sua sponte dismissing petitions, which had not been properly served, and there was no explicit waiver of their objection to proper service by the state. And that was premature. So what the disposition, the proper disposition in both Prado and Maiden was that you vacate that sua sponte dismissal and remand it for further proceedings. And again, there's no dispute here that the state was not properly served by regular mail. The next question is then whether or not the state ever clearly articulated its intention of waiving the required service. And again, this court in Maiden said, under the rules of civil procedure, their explicit waiver must be made on the record. The state has to affirmatively spread on record whether it intends on waiving the required service. And that simply wasn't done in this case. What about, what about Ocon? It's your position, Ocon and Koonin, they're just wrongly decided? Yes, that's correct. Ocon had a very different interpretation of what the rules of civil. In Ocon, the court, the trial court said on the record that there's been a 214-01 petition filed. Assistant State's Attorney is present. And then the next time the case was up, just over a month later, January 10th, he makes that comment. Then on February 14th, dismisses and the first district affirmed. So. Right, but again, it was a different interpretation of the rules of the code of civil. Than ours, right? Yeah, right. And so again, I ask this court to look no further than its decisions in people versus Prado and people versus Maiden and vacate the sua sponte dismissal and remand the case for the proceedings. I have one more question. The state is saying in their brief that they waived service. That's the position that they take now. Should that be given any credence at all? No, that's not the proper procedure. You can't now. Again, they're making that argument or they're wishing to waive now under the guise of judicial economy. But if anything, that totally frustrates because we get rid of this case because they're not waiving it. But we have, you know, countless other petitioners in the same position as Zimmerman, you know, who can't don't have the means to file these kind of petitions. And all of a sudden you get, I think, just this recurring issue in this court. So it's best to resolve it here. If anything that we have to be done in the trial court, not here. It's just simply too late and just frustrates the principles of judicial economy. So with that, I'll come back and rebuttal. Thank you for reply. Thank you. Oh, I should mention also for these reasons in those briefs, we ask that the court reverse the dismissal and remand it for the proceedings. Thank you. Good morning, Your Honor. Diane Campbell for the people of the state of Illinois. I'm going to answer a couple of quick questions first and then get into a couple of my main points. For Justice Jorgensen's question about what happens if the state says we are not accepting service. As with my co-counsel, I remember reading something, but I'm not sure which case it was. It may be Carter. Justice Burkett was quoting from Maiden and that kind of hints at it. But one of the cases mentioned dismissing without prejudice. That, I think, would take care of Justice Jorgensen's question about what happens when the state says, you know, we were not served. We're not making our appearance. Another question was raised, what happens in this case, the defendant gave some sort of certificate and saying that he's aware of the rule. He's supposed to serve by certified mail, but he doesn't have the funds. And this appellate court in Maiden provided the answer for that. At note number 15, they point out that all defendants are allowed a reasonable amount of legal mail. And if they don't have the funds at that time, they can do a voucher against future funds. So that was an available course of action for this defendant. In this case, did the court make note on the record that the defendant didn't have the funds to properly serve? And did they ask the court or the state, did you get service regardless of the fact that the defendant couldn't serve it properly? In this case, there was no discussion of notice or sufficiency of notice or service on the record. Was there ever any discussion about waiver of service by the state? There was not. So how is it any different if we're a defendant standing there? Are we going to infer that the defendant received notice and that his silence by standing there infers that he's waiving notice? I think in this case, Justice Burkett points out, and in my brief, it's on page four and five, there are six different encounters in the court. In each one, the judge announces that an assistant state's attorney is present. He says it's a 214-01. He says he's considering it. He says he sets a status date. So we have six different opportunities. Well, he didn't say that in every case. In every case, he might have, he would have, he in some cases, in several of the cases, he said, for several of the instances, didn't he say, oh, this case is back up before me, I need some more time to rule on it? Exactly. Oh, this is back before me, I need more time to rule on it, on like three or four different occasions. Exactly. And how do we know what the prosecutor was doing at that time? Was the prosecutor standing at the bench? Was the prosecutor talking to some defense attorneys about some pleas that might be coming up? Was the prosecutor talking to one of the assistant state's attorneys about the cases that are coming up next? Do we know what they were doing? No, we don't. Do they acknowledge on the record, yeah, go ahead, judge, take some more time on that case? No, we don't have that. But I think this also goes in with the point that both, I think, Justice Jorgensen and Justice Burkett were making, is that how long do you have to wait then? This was in, let's see, it was filed in May 3rd of 2012, which is at page 1888 in the record, and it's dismissed out on March 8th of 2013, which is at 18239. 11 March, right. Right. Right. A very long period of time. Certainly, it's well over the 30 days that the state is required to be given leave to respond. If they were properly served. Correct. Why doesn't the state just accept service on the record? On this case, it may have been. Any case. On any case, I don't know. There could be a variety of different reasons. I mean, you're willing to waive it now, but you weren't willing to waive it then. There's no indication in the record, other than the single document by the defendant, that there was not proper service. So, it may have been overlooked by the trial court, by the assistants. Do you have any idea how these courtrooms are managed? I mean, there's a prosecutor who is responsible for making sure he knows or she knows everything that's on the docket, and they just sit there silent. That's a problem. If you look at the decision in the acute court, I think they're obviously the last voice to speak, and I think they have the best decision. And they take it on a standing basis. And their main point is that the notice by certified mail is designed to protect the responding party, and that is the party that should be allowed to raise any objection to any lack of proper service. So, in this case, what you have is a defendant who is aware of the rule, fails to follow the rule, and now he's being rewarded by a second bite at the apple. But doesn't he say to the court, I can't follow the rule. You know, give me some guidance here, and the court never did. Did they? No, they didn't. I mean, I agree with Justice Burkett when he says, you know, the rules have been changed for post-conviction petitions. Why can't they be changed for this, or why shouldn't they? He makes a good point. But in this particular case, with the statute as it is right now, do we have anything indicating that the court ruled on his motion? No. But, again, there is ñ it doesn't serve the ends of justice to reward someone who isn't following the rules by doing proper service, particularly when, as Maiden points out, there is an alternative for him. And there's also, if you look at it, in these cases, the trial court cannot rule against the party who might have been prejudiced by the failure for service. The court can dismiss out the petition by the defendant who has not followed the rules. They can't grant the petition, you know, and therefore prejudice someone who might not have been aware of a properly served petition. No, if we, you know, kind of don't follow the rules with respect to service when it's convenient for us, like in this case for the state saying now, oh, right, we never got service, but we're waiving it now, it works into your favor now. Just like the defendant is saying, hey, I never served them properly, that works in his favor now. Next week it might be a different story for him, it might be a different story for you. Isn't that why we have case laws? Isn't that why we have statutes with respect to service? If you look at the Kuhn case, and it hints at it some in O'Conn, although they didn't rule on this basis, they say that what you have to look at is not the strict technical correct service, but whether the objective and intent of the legislation has been followed. And they find in O'Conn and in Kuhn that the state has actual notice. In this case, you know, you've got a much better argument for that because you've got the six separate appearance, you've got the lengthy timeline, and again, you shouldn't reward the party who hasn't followed the rules by giving them a second bite at the eye. Counsel, let me ask you this. What if the trial court had granted that petition? Would you still be standing there and saying, well, no problem, we had a chance to file a response, but we didn't do it, so let's just accept the trial court's decision? I mean, shouldn't the rule apply regardless of what the trial court had done? What if the trial court just said, fine, you know what, state, you don't want to file a response? Fine, I'm going to grant the petition. Then what? I don't know. You can think about that one. Okay. Well, people versus Vincent says the trial court has the authority to sui sponte dismiss a 214.01 petition if it has no merit. Correct? Vincent says after the 30-day potential for response. Invite to response. Right. So if that is the case, you know, if the petition does have merit, wouldn't the court be obligated to inform the state that he has found that the petition has merit? Well, I certainly think, you know. And in that situation, then you would step up and then you would say, we haven't been served. Correct. And we want an opportunity for service. Yes. If it had. So that answers Justice Jorgensen's question. Wouldn't that be ex parte communication? No, on the record. Well, I would certainly see the state filing a motion to reconsider in that case. How do we get away? How is it that you want us to step away from Maiden and distinguish this case from the facts in Maiden? Or are you asking us not to distinguish it and just say Maiden is flat out wrong? Well, I think Maiden started out at a very different procedural posture. In Maiden, the initial question was whether the notice of appeal had been timely filed. So that implicates the jurisdiction of the appellate court to hear the case entirely. Other waivers are a limitation on the parties, not on the court. In Maiden, with the question about the timely filing of the notice of appeal, it was the jurisdiction of the appellate court, which is where they started out. In the other cases, they haven't gone to the standing question, which is really best laid out for the first time in the Kuhn case, which just came down and was the motion for additional authority. And I think they have it right. They have looked at it and they cite Illinois Supreme Court cases that say the party who has standing to bring the objection to the service issue is the party that did not receive proper service. So I think that is the line of cases to follow. And that is the proper procedure to follow. Does that answer? Yes. Did the state indicate that they haven't received proper service? In this case, at no time. There is quite literally, aside from the defendant's little mention that, you know, I know I was supposed to do it by certified mail and I didn't have the funds. There is no mention of service, proper service, improper service on the record. As a prosecutor, is it not unusual to see both the courts and the prosecution a little bit confused with 214-01 versus post-conviction petition procedures? There is. And you're also looking at high volume court call cases. So, you know, the fact that neither the trial judge or the prosecutor noticed the improper service is not shocking. It certainly would be preferable if the state or the trial court noticed it. They announce it in court. The state either objects or waives. Well, in May, they did announce it in court. The trial court, the petitions filed on April 4th of 11, on May 6th. On May 26th, the state says they never received a copy. Right. And on June 27th, the state says we're not filing anything. Correct. And this court, we still said no petitions. I do disagree with this court's holding in Maiden. Actually, the only real part of Maiden I agree with is where the court pointed out that he has an alternative for service if he can't afford it and points out the proper procedure for doing that. I think Okun is a better reasoned decision and that Kuhn is the best reason of all because it has the advantage of looking at what the courts refer to as the Okun-Maiden split and come up with reference to the Supreme Court cases which say, you know, the party who can bring the notice issue is the party who it is designed to protect. Because otherwise you're just rewarding bad behavior by giving someone a second bite at the apple. But I mean, you're also giving each side the opportunity to go with the rule if they want or not go with the rule if they want, depending on how it affects them and the outcome. Yes. I think I covered all my points. If your honors have any more questions. Oh, one brief. I did want to distinguish Carter. In that case, when the petition was filed in June, only the trial judge and the court reporter were present. In July, when the court dismissed out the case, there was an assistant state's attorney present at that time. But that was the first indication that the state was present. So there couldn't be a claim of actual notice because the first time they're hearing about it is when it's being dismissed out. So that was one of them. There was nothing indicating they were present when it was docked. Correct. Correct. Setting aside Putin, your position is as long as the state is indicated present in the record, they're charged with actual knowledge of what's proceeding. Is that your position? I think in this case, where you have the six presences on the record and the extensive timeline of, as just Burkett pointed out, 11 months, I think that is actual notice. There are closer cases such as Ocon where you don't have the multiple repeats, and that is a more dicey question, but that's not what we're faced with here. That being said, isn't it better to just have a clear rule as opposed to juggling dates and how many times was the state there? Isn't it better to just have a clear rule? But cases such as Vincent say that what you're trying to do is look at or actually I think Kuhn points out or Ocon, which is you're trying to achieve the legislative's objective and intent, which is making sure that the responding party has, if not technical notice, actual notice. And I think there can be some closer cases, and certainly this is not one of them where you've got 11 months. Vincent actually said, you can su sponte dismiss after the 30 days. So certainly if you are either neglecting to give proper service or you are not standing up and making affirmative waiver, you are risking your rights. But in this case, I think the best policy overall is to see if the actual purpose of the legislation has been achieved, and certainly in this case it was. The trial judge that's on the ball every time this is up and asks the state, are you waiving service? And they say no, really paints themselves into a corner. They can't find actual notice because the state has affirmatively said there is no service. Well, as I said, I'm not sure which case it is. It may be. It could have been. We have no prior deal or Carter, but they said in that case, what you would do is dismiss without prejudice. Then the defendant can properly serve the state and get back into court. Or not. Or not. Yeah. Right back in the same spot. Right. Yeah. OK. Thanks. Any other questions? Do you wish to reply? Yes, very briefly. There's just a couple points. Counsel was right, actually. It's Supreme Court Rule 103B, which allows the trial court, if there's not proper service, to then dismiss without prejudice and allow the petitioner to do it the right way. So we do have authority there. So when we talk about it languishing for 11 months, what the trial court could have done had the hypotheticals that you suggested, if the state said, nope, we weren't served here, sorry. Well, then that gives the trial court the opportunity under Supreme Court Rule to dismiss it without prejudice and allow the defendant to refile. If he so chooses. Right. The next point I wanted to make is that this case, again, languishing for 11 months just completely underscores the confusion that everybody seems to have over these types of petitions. And I think pop psychologists refer to it as teachable moments. And that's exactly what we have here, is for this rejoining court to instruct trial courts exactly what needs to be done. If there's not proper service, then what we need is the trial court to ascertain from the state whether or not they're waiving their objection or not, and then proceed on the merits after that, once they get the state's answer. And if they do say that they're waiving that objection. So what we're asking here is just to clarify what is going on, because no one else seems to understand. And even though I believe that Prado and Maiden does give us rather clear instructions for what's supposed to happen, and yet that seems to be lost. So here's just another opportunity to re-clarify what that procedure would be. And then finally, as far as Coon, I think standing is leading this court down a garden path it need not go to. We have Supreme Court precedent in People v. Laffarne, where you have the court considering the trial court's error in prematurely dispensing a petition sui sponte. I think implicit in that is that a defendant has standing to challenge the trial court's procedural error. In Coon, also in Prado and Maiden, I think there's also a finding of implicit standing with the defendant in those cases where, again, they're challenging the trial court's procedural error. And again, Coon, I believe it's a rather confusing case, because again, I don't believe, as counsel mentioned, it's relying on Supreme Court precedence. I think it's just one case which relies on another case, which is actually interpreting Pennsylvania law, not Illinois law. So I just don't think that's applicable, especially when we have People v. Laffarne as our precedent here. So I think I'll leave it. Laffarne wasn't a relatively short period of time in Laffarne as well? That was strictly, yes. These cases are all distinguishable on that time element. But again, as far as standing, it has to do with whether or not the defendant can challenge what's going on below. And we're talking about the procedures. And also, we're not just talking about the state's opportunity to file something or not. It also involves these Section 214 petitions are complaints inviting responsive pleadings from the opposite party. So there's almost like it's just a dialogue between the parties. And if we don't allow that dialogue to take place, we don't know what's missing, whether the state would have confessed some errors, or whether there could have been some negotiations happening before the parties if the state decided to waiver and go ahead with the merits of the petition. So again, for these reasons, I think – Which were what? What merit? Again, merit, like the court said in Prado, misses the point. So we're not looking at merits right here. We're just looking at the procedure. Okay. So I thank you for your time. All right. Thank you both very much. It will be a decision in due time. And we will be in recess until 930.